Priest
*vs.*
Tarlton et al.

—»●●●«—

### JOSEPH ELA *vs* HAMLIN RAND.

When a defendant pleads in abatement the omission of other persons, who ought to have been made defendants, it is not necessary to allege in the plea the places of abode, and the additions of the persons omitted.

ASSUMPSIT, against the defendant, as surviving partner of Charles K. White, deceased.

The defendant pleaded in abatement, as follows :—

" And the said *H. R.* comes and defends the wrong and " injury when, &c., and prays judgment of the said writ, be- " cause he says, that the said several promises and under- " takings in said declaration mentioned, if any such were " made, were made jointly with *Daniel Rand*, who is still " living, and with one *Robert Rand*, who is still living, and " not by said *Hamlin* and said *Charles K. White*, alone ; " and this said *H. R.* is ready to verify. Wherefore, inas- " much as said *Daniel Rand*, and said *Robert Rand*, are not " named in said writ, he, the said *H. R.* prays judgment of " said writ," &c.

To this plea the plaintiff demurred, and the defendant joined in demurrer.

*R. Ela*, for the plaintiff, contended, that the plea was defective, in not stating the places of abode, and additions of the joint contractors, not named in the writ.

*Haven*, for the defendant, contended, that pleas in abate-

ment, being matter of technical learning, are to be settled by precedents. Their form is as fixed as that of writs; and the party pleading in abatement is not required to shew, that on principle the form adopted is the best, but that the settled form has been pursued. Good reasons may be given for not requiring the addition of a joint contractor; but the principle is not now to be settled. The plea, in this case, is supported by all the precedents. *2 Chit. Pl.* 415.—*Lilly's Entries* 2, 7. — *Story's Pleadings* 33–36.—*2 B. & P.* 420, *Powell vs. Fullerton.*—*Willes' Rep.* 40, *Alexander vs. Mauman.*—*2 New R.* 364, *Powell vs. Layton.*—*6 Taunton* 587, *Godson vs. Good.*—*4 B. & A.* 93, *Taylor vs. Harris.*

*By the court.*—We are not aware of any rule of law, which makes it necessary, in a plea of this kind, to state the place of abode, and addition of the party omitted. This plea is in the usual form, and must be adjudged sufficient.

*Writ abated.*